IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUSAN JOCKEL,

    Plaintiff,

    v.

LUZERNE COUNTY, LUZERNE
COUNTY CORRECTIONAL FACILITY, &
JOSEPH PIAZZA, former warden,

    Defendants.

CIVIL ACTION NO. 3:CV-14-2403

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Partial Motion to Dismiss Plaintiff's Complaint (Doc. 7) filed by Defendants Luzerne County, Luzerne County Correctional Facility, and Joseph Piazza ("Piazza") (collectively, "Defendants"). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

### I. Background

The facts as set forth in the Complaint are as follows:

Plaintiff Susan Jockel ("Jockel") worked at the Luzerne County Correctional Facility ("LCCF") from 1996 until August 2014. (*Compl.*, ¶ 10.) During her employment at LCCF, Jockel suffered from gastrointestinal issues and related symptoms requiring her to have immediate access to a lavatory. (*Id.* at ¶¶ 8-9.)

In June 2011, Jockel experienced additional symptoms associated with her disability, which posed problems and challenges regarding particular work assignments at LCCF. (*Id.* at ¶¶ 14-15.) After consulting with a physician, Jockel sent Piazza a letter requesting an accommodation for her disability, such as assignment to the minimal offender's unit where she believed she would have immediate lavatory access. (*Id.* at ¶¶ 16-21.) In response, Piazza requested additional information from Jockel about her disability. (*Id.* at ¶ 22.)

Shortly thereafter but before Jockel could respond to his request, Piazza issued a

memorandum to staff members stating that light duty posts would "only be used to accommodate those employees who are separated from duty due to a work related or inmate related injury." (*Id*. at Ex. D.)  That memorandum also provided that employees holding light duty posts for injuries that were not work related at the time would be required to submit documentation every thirty (30) days updating their condition, progress, and expected date of return. (*Id*.)

By letter dated August 3, 2011, Jockel provided Piazza with additional documentation and information pertaining to her disability. (*Id*. at Ex. E.)  Jockel also submitted a form prepared by her physician which explained her disability and recommended that she be placed in the minimal offender's unit until further notice. (*Id*. at ¶¶ 27-29.)

In his response dated August 15, 2011, Piazza acknowledged that Jockel "may have a problem," but that she had failed to provide the necessary information to allow for an evaluation of her request for a reasonable accommodation. (*Id*. at Ex. F.)  Nevertheless, Piazza informed Jockel that she would be assigned to the Floor Control Centers because the control booth had easily accessible restrooms. (*Id*.)

Assignment to the control booth did not accommodate Jockel and was inapposite to the recommendation of her physician because she was unable to procure a temporary replacement as required by her condition. (*Id*. at ¶ 35.)  Thus, both Jockel and her physician explained to Piazza in writing that although the control booth had an easily accessible restroom, that position did not sufficiently accommodate her because she was unable to obtain immediate staff relief when she needed to use the lavatory. (*Id*. at Exs. H, I.)

Piazza responded to Jockel and her physician by letter dated August 18, 2011. (*Id*. at Ex. J.)  In his letter, Piazza informed Jockel that the minimal offender's unit was not an option due to safety and security concerns, and that the control booth presented the best accommodation for her needs. (*Id*.)

2

The parties were ultimately able to reach an agreement, and Jockel was provided a reasonable accommodation for three months. (*Id*. at ¶ 41.)

Thereafter, in early September 2011, Jockel called off work due to a flood at her home. (*Id*. at ¶ 42.) Although other officers took off work due to the flood, Jockel was the only employee that was disciplined. (*Id*. at ¶¶ 43-44.)

On October 3, 2011, Jockel received an update from her physician indicating that her condition had yet to improve and that she continued to require a job accommodation. (*Id*. at Ex. O.) Later that month, Piazza convened a meeting to discuss Jockel missing work when her home was flooded. (*Id*. at ¶ 48.) At that meeting, Piazza berated Jockel, denied her representation by the union steward, and made threats against her employment. (*Id*. at ¶ 49.) Jockel, however, continued in her employment and provided updates to Piazza about her disability and need for continuing accommodations. (*Id*. at ¶ 51.) Around this time, LCCF advertised positions that would have accommodated Jockel's disability, but she was denied the opportunity to pursue these openings. (*Id*. at ¶ 52.)

Ultimately, the accommodations provided to Jockel were discontinued on November 14, 2011 when she was returned to the traditional job rotation. (*Id*. at ¶ 53 and Ex. R.) As a consequence of being in the traditional job rotation, Jockel was unable to effectively perform her job responsibilities, and she was also forced to take time away from work to treat her disability. (*Id*. at ¶ 55.) Jockel's disability became public knowledge at LCCF during this time, and she suffered anxiety and embarrassment requiring psychiatric care as a result. (*Id*. at ¶¶ 56-58.)

On June 6, 2012, Piazza summoned Jockel to his office to reprimand her for missing work to deal with her disability. (*Id*. at ¶ 60.) Jockel subsequently took disability leave on July 1, 2012. (*Id*. at ¶ 61.)

By letter dated August 1, 2014, Jockel was informed by Defendants, through counsel,

that she was deemed to have abandoned her position. (*Id.* at Ex. W.)

As a result of the foregoing events, Jockel commenced this action against Luzerne County, LCCF, and Piazza on December 17, 2014. (Doc. 1.) The Complaint set forth claims against all Defendants for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, as well as a supplemental state law claim for intentional infliction of emotional distress.

On March 4, 2015, Defendants filed the instant partial motion to dismiss and supporting brief. (Docs. 7; 8.) Jockel's brief in opposition to the motion to dismiss was filed on March 24, 2015. (Doc. 10.) As the time for Defendants to file a reply brief in further support of their motion has expired, the motion to dismiss is ripe for disposition.

## II. Discussion

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550

4

U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).  As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits

attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

Defendants raise the following issues in their brief in support of their motion to dismiss: (1) LCCF is not a proper defendant in this action; (2) the ADA and Rehabilitation Act claims are not actionable against Piazza; (3) Jockel is precluded from seeking compensatory damages on her claim for a violation of Title V of the ADA and she is not entitled to a jury trial on that claim; (4) Jockel is not entitled to a jury trial on her PHRA claims; (5) punitive damages are not recoverable against Defendants for violations of the ADA, Rehabilitation Act, or the PHRA; and (6) Jockel's intentional infliction of emotional distress claim fails as a matter of law. (Doc. 8, 3-15.)[1] In response to the motion to dismiss,

---

[1] Defendants' motion to dismiss also asserts that Piazza is not a proper defendant to the PHRA claim and that Jockel is barred from recovering compensatory damages under the Rehabilitation Act. (Doc. 7, ¶¶ 8-9.) Because Defendants failed to develop these arguments in their supporting brief, they have been waived. *Accord John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."); *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'").

Jockel stipulated to: (1) the withdrawal of her ADA and Rehabilitation Act claims against Piazza; (2) the withdrawal of her claims for punitive damages under the ADA, Rehabilitation Act, and PHRA; (3) the withdrawal of the demand for a jury trial on the Title V and PHRA claims; and (4) the withdrawal of her intentional infliction of emotional distress claim. (Doc. 10, 1-2.)  These claims and demands will therefore be dismissed.

The only issue raised in Defendants' brief in support of their motion to dismiss that is contested by Jockel is whether she may proceed with her ADA, Rehabilitation Act, and PHRA claims against LCCF.  Based on the allegations in the Complaint, these claims will not be dismissed at this time, and Jockel will be permitted to proceed with her ADA, Rehabilitation Act, and PHRA claims against LCCF. *See, e.g., Defreitas v. Montgomery County Correctional Facility*, No. 08-5330, 2010 WL 5584202, at *9-10 (E.D. Pa. Aug. 31, 2010), *adopted by*, 2011 WL 96493, at *1 (E.D. Pa. Jan. 11, 2011) (permitting the plaintiff to proceed with his ADA and Rehabilitation Act claims against Montgomery County and Montgomery County Correctional Facility); *Majewski v. Luzerne County*, No, 2007 WL 1074769, at *10-11 (M.D. Pa. Apr. 9, 2007) (allowing the plaintiff to proceed with his ADA and PHRA claims against Luzerne County and LCCF).  Accordingly, this aspect of Defendants' motion to dismiss will be denied.

### IV. Conclusion

For the above stated reasons, Defendants' motion to dismiss will be granted in part and denied in part.

An appropriate order follows.

June 2, 2015                                         /s/ A. Richard Caputo
Date                                                      A. Richard Caputo
                                                              United States District Judge

7